UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MYLES CARTER,

                            Plaintiff,

    v.

THE CITY OF BUFFALO,
BUFFALO POLICE OFFIC CHARLAN D. MITCHELL,
JOHN DOE #1-6, Buffalo Police Officers,
NY STATE POLICE SGT. JOSEPH H. KRYWALSKI,
NY STATE POLICE TPR. MICHAEL D. O'BRYAN,
NY STATE POLICE TPR. DANIEL A. BURGESS,

                            Defendants.
_____

**THIRD AMENDED SCHEDULING ORDER**

**21-CV-954WMS(F)**

      The Second Amended Scheduling Order filed February 21, 2023 (Dkt. 40) is amended as follows::

      1.      In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution, this case has been referred to mediation.

      2.      All fact discovery in this case shall conclude on **April 30, 2023.**

      3.      Plaintiff shall identify any expert witnesses through interrogatories and provide reports pursuant to Fed.R.Civ.P. 26 by **March 31, 2023.**  Defendants shall identify any expert witnesses through interrogatories and provide reports pursuant to Fed.R.Civ.P. 26 by **April 30, 2023.**  Motions to compel expert disclosures shall be filed not later than **May 31, 2023.**

      4      Dispositive motions, if any, shall be filed no later than **June 27, 2023.**  Such motions shall be made returnable before Judge Skretny.

     5.     Mediation sessions may continue, in accordance with Section 5.12 of the ADR Plan, until **July 31, 2023**. The continuation of mediation sessions shall not delay or defer other dates set forth in this Scheduling Order.

     6.     In the event that no dispositive motions are filed, a final pretrial status conference is scheduled for **August 8, 2023 at 3:00 p.m.** before the undersigned.

No extension of the above cutoff dates will be granted except upon written application to Judge Skretny, filed prior to the cutoff date, showing good cause for the extension. The attached guidelines shall govern all depositions. Counsel's attention is directed to Fed.R.Civ.P. 16(f) calling for sanctions in the event of failure to comply with any direction of this court.

SO ORDERED.

                                        /s/ *Leslie G. Foschio*

                                        _____
                                          LESLIE G. FOSCHIO
                                    UNITED STATES MAGISTRATE JUDGE

Dated: March 31, 2023
       Buffalo, New York

GUIDELINES FOR DISCOVERY DEPOSITIONS

(1)     At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition.  The witness shall abide by these instructions.

(2)     All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Fed.R.Civ.P. 30(d), shall be preserved.  Therefore, those objections need not and shall not be made during the course of deposition.

(3)     Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

(4)     Counsel shall not make objections or statements which might suggest an answer to a witness.  Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5)     Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6)     Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

(7)     Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference.  The purpose and outcome of the conference shall also be noted on the record.

(8)     Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition.  The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness.  The witness and the witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9)     There shall be only one question at a time put to a witness.  Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions.  If the witness indicates he or she does not understand the question, counsel shall simply rephrase the question.  There is to be no characterization or comment by examining counsel as to any answer given by a witness.  Should the answer reasonably appear to

counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the question repeated by the stenographer from the record.

(10)   Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this court may be sought upon completion of the examination.  Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question.  Rather, he may note his objection and permit the witness to answer the question, subject to the objection.

(11)   If a witness or his or her counsel is unclear as to any question, he or she shall so advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness' question.  Neither witness nor counsel shall make any comment or engage deposing counsel in an argument (other than grounds therefore) about the nature of the question or the witness' request for clarification.

(12)   Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question.  Counsel shall await the witness' complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13)   Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such material or documents.

(14)   Authority: Fed.R.Civ.P. 16, 26(f), 30, 37(a); Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).


FAILURE TO COMPLY WITH ANY THE FOREGOING MAY RESULT IN SANCTIONS PURSUANT TO FED.R.CIV.P. 37(b)(2), INCLUDING CIVIL CONTEMPT, AND ATTORNEYS FEES INCURRED BECAUSE OF A PARTY'S OR AN ATTORNEY'S NON-COMPLIANCE.  SEE FED.R.CIV.P. 16(f).