UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MYLES CARTER,

            Plaintiff,

  v.

THE CITY OF BUFFALO, ET AL.,

            Defendants.

PRETRIAL ORDER

21-cv-0954-MAV

---

This Order controls the conduct of the trial in this case. <u>The parties must notify the Court immediately if a pretrial resolution of this matter has been reached.</u> The parties shall bear the expense of the jury production if they settle the case after the jury arrives.

I. **SCHEDULE**

A jury trial is scheduled to commence on **<u>Monday, September 15, 2025</u>**, at **<u>9:00 a.m.</u>**, at the <u>United States Courthouse, Courtroom 2, 100 State Street, Rochester, New York</u>. This is a day-certain trial date that will not be adjourned, except for the trial of criminal cases, which shall take precedence pursuant to 18 U.S.C. § 3161. The trial will proceed daily, commencing at 9:00 a.m. and continuing until approximately 5:00 p.m. each day.

The final pretrial conference is scheduled for **<u>Tuesday, September 2, 2025</u>**, at **<u>1:00 p.m.</u>** at the <u>United States Courthouse, Courtroom 2, 100 State Street, Rochester, New York</u>. All attorneys who will actually try the case must be present at the pretrial conference.

## II. PRETRIAL SUBMISSIONS

Unless otherwise indicated below, the following pretrial submissions <u>must be filed</u> with the Clerk of the Court and served on opposing counsel by **August 4, 2025**.

### A. *Voir Dire* Preparation

The Court will conduct *voir dire,* but it will consider requests by counsel to conduct limited questioning. By **August 18, 2025**, any party wishing to question potential jurors shall submit by email any proposed *voir dire* questions in Microsoft Word format. These questions should be sent to the undersigned's Chambers at: meredith_vacca@nywd.uscourts.gov, not filed on the docket. Failure to do so constitutes a waiver of any requests by that party. By **August 4, 2025**, all parties must submit a document titled, "*Voir Dire* Information," consisting of the following items:

1. The name, firm name (if applicable), and business address of the attorney or attorneys trying the case, and the names of any assistants who will be in court at the party's table.

2. The full name and address of each client, including the name of any corporate representative, who intends to appear at trial.

3. A list of prospective witnesses. Witnesses whose testimony the parties intend to introduce through depositions should be listed and identified as "deposition witnesses." The Court may preclude the use of any witness not identified on the witness list. For proper identification to the jury, the parties' witness lists should include the following:

      a.      The full name of the witness;

      b.      The occupational association of the witness (*e.g.*, FBI, medical director, bank teller);

      c.      The address of the witness (city and state will be sufficient); and

      d.      A brief statement of the general subject matter expected to be covered by the witness (*e.g.*, John Doe, chemist who analyzed drugs; Mary Smith, medical director of employee hospital).

4.      A concise statement of the case for the Court to use with the prospective jury to identify the claims and defenses at issue.

B.      **<u>Exhibits and Exhibit Lists</u>**

Each party must submit an <u>exhibit list</u> by **August 4, 2025**, identifying and briefly describing those exhibits that the party anticipates introducing in its direct case. A complete copy of the exhibit list must be given to the court reporter at the commencement of trial. Exhibits that will be used during cross-examination for impeachment, to refresh a witness's recollection, or otherwise, must also be identified on the exhibit lists. Except for extraordinary cause, the Court will not allow the introduction into evidence of exhibits not listed on the exhibit lists and made part of the exhibit books.

Plaintiff shall use letters (A-Z, then AA-ZZ, and so on) to denominate his exhibits, and all Defendants shall use numbers preceded by a defendant-specific

identifier (for example: "[Last Name]:1," "[Entity Abbrev]:1").

**At the final pretrial conference**, the parties must provide the Court and the opposing party/parties with an <u>exhibit book</u> containing copies of the exhibits listed on their exhibit list. This book should consist of a three-ring binder with separately marked tabs corresponding to each exhibit.

The parties are directed to identify those exhibits as to which admissibility will not be contested, and those that will be stipulated into evidence. Finally, the parties shall also specify those exhibits to which they will object solely on the ground of relevance. These issues will be discussed at the final pretrial conference. <u>Note: Notwithstanding any agreements reached, all exhibits (including joint exhibits) must be formally moved into evidence at the appropriate time during trial</u>. The parties should be prepared to discuss stipulating exhibits into evidence at the final pretrial conference.

Each exhibit must be physically tagged with the appropriate colored sticker (pink for Plaintiff, blue for Defendants), and each exhibit must be physically lettered/numbered **prior to the commencement of trial**.

All charts not intended to be offered into evidence, other demonstrative evidence, or items of physical evidence, must be made available for examination by the opposing party and the Court in Rochester or some other mutually agreeable place **at least two (2) business days before they are presented at trial or displayed to the jury.**

### C. <u>Expert Testimony</u>

By **August 4, 2025**, the parties must file a brief summary of the qualifications of all expert witnesses, and a concise statement of each expert's expected opinion testimony and the material upon which that testimony is expected to be based.

The parties must comply with all expert disclosure requirements and deposition rules, listed at Fed. R. Civ. P. 26(a)(2) and (b)(4), and as ordered by the Court. The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in the expert's report and any supplemental disclosure. Failure to comply may result in preclusion of the testimony.

### D. <u>Deposition Testimony</u>

The parties must file an itemized list of deposition testimony (with page and line references), that they intend to use in their direct case by **August 4, 2025**. The parties should attempt to reconcile and resolve any disputes as to admissibility prior to the final pretrial conference.

By **August 18, 2025**, any party objecting to the use of deposition testimony (or any part thereof) must file such objection, setting forth the basis for the objection, supporting authority, and a copy of the transcript of the objectionable testimony. If no objections are filed, the party will be deemed to have waived any objections to the proffered deposition testimony.

### E. <u>Undisputed Facts and Stipulations</u>

The parties should be prepared to report **at the final pretrial conference** concerning any agreements as to stipulations of fact and stipulations as to testimony

and evidence. The Court expects the parties to work in good faith toward an agreement on this issue.

Proposed stipulations do not have to be filed with the Court as part of the pretrial submissions.

F. **Legal/Evidentiary Issues and Motions *in Limine***

The parties have an obligation to advise the Court, as soon as possible, of any significant issues of law involved in the case and any unusual questions related to the admissibility of evidence, trial procedure, or substantive issues. Surprises and gamesmanship have no place in a trial and benefit neither side. It is in the parties' interest that the Court be aware of potential problems so that careful consideration can be given to the parties' respective positions.

Some issues cannot be anticipated, but many evidentiary issues can. Examples include: objections to the admissibility of evidence based on Fed. R. Civ. P. 37; the potential of witnesses to assert testimonial privileges; impeachment of any witness by evidence of his/her character or specific instances of conduct, under Fed. R. Evid. 608, or by evidence of prior conviction, under Fed. R. Evid. 609; the admissibility of other crimes, wrongs, or acts to prove intent and motive, etc. under Fed. R. Evid. 404(b); authentication of tapes and voice identification; hearsay problems; prior inconsistent statements; and objections to expert testimony.

On or before **August 4, 2025**, the parties must file any motions *in limine* concerning potential legal or evidentiary issues, or procedural problems that may arise during the trial. Any responding papers must be filed by **August 18, 2025**.

6

<u>All motions *in limine* must be accompanied by a memorandum of law with citations to relevant legal authority to assist the Court in resolving the issues.</u>

The Court may resolve motions *in limine* at the final pretrial conference or schedule argument on a separate date before trial.

G.   **Statement of Claims to be Pursued at Trial**

Any party asserting a claim (*e.g.* plaintiff, counterclaimant) must file a statement concerning a list of the <u>specific claims/causes of action</u> to be pursued at trial by **August 4, 2025**. This list should include the name or type of claim, and a specific reference to the part of the pleading in which it was alleged (*e.g.*, Title VII race discrimination, as alleged in the third claim of plaintiff's complaint; breach of contract, as alleged in the first counterclaim of defendant's answer; common law indemnification, as alleged in the first claim of third-party plaintiff's third-party complaint).

Pleaded claims that will not be pursued at trial but have not yet been disposed of by motion or otherwise must be resolved or dismissed before trial.

H.   **Statement of Damages**

Plaintiff (or any Defendant asserting crossclaims or counterclaims) must file an itemized statement of each element of special damages by **August 18, 2025**.

I.   **Jury Instruction Material**

The Court gives standard jury instructions in every civil case, and the parties are not required to file proposed instructions concerning these matters:

Province of the Court and Jury
Evidence in the Case

      Direct and Circumstantial Evidence
      Questions are not Evidence
      Jury's Recollection Controls
      Court's Questions to Witnesses
      Burden of Proof
      Preponderance of the Evidence
      Credibility of Witnesses
      Damages Must be Reasonable and not Speculative
      Manner of Deliberations

<u>Plaintiff must file on or before **August 18, 2025**</u>, proposed jury instructions on the substantive matters raised in the complaint, that is, the law relating to the causes of actions pleaded, including damages.

<u>Defendants must each file on or before **August 18, 2025**</u>, their own proposed jury instructions, in the form set forth above, regarding any counterclaim, affirmative defense, or other issue on which they have the burden of proof.

Each party shall submit by email their proposed jury instructions in Microsoft Word format. These documents should be sent to the undersigned's Chambers at: meredith_vacca@nywd.uscourts.gov, not filed on the docket.

Legal authority or the source for the instruction must be set forth at the end of each instruction. If the instruction comes from a form book (*e.g.*, Sand, <u>Modern Federal Jury Instructions</u>; Devitt & Blackmar, <u>Federal Jury Practice and Instructions</u>; <u>New York Pattern Jury Instructions</u> (PJI)), the party must advise the Court as to whether the instruction, as presented, has been modified from the instruction that appears in the form book.

The parties must submit by email any objections or requested modifications to proposed instructions at least **one week before the final pretrial conference**.

These documents should be sent to the undersigned's Chambers at: meredith_vacca@nywd.uscourts.gov, not filed on the docket.

Any other proposed jury instructions from either party, based on events occurring during trial, must be filed as soon as possible.

J. **Summary of Pretrial Submission Deadlines**

| Deadline | Submission Type | Form of Submission |
|---|---|---|
| August 4, 2025 | Voir Dire Information | Filed on the Docket |
| August 4, 2025 | Exhibit Lists | Filed on the Docket |
| August 4, 2025 | Statement of Expert Testimony | Filed on the Docket |
| August 4, 2025 | Deposition Testimony Lists | Filed on the Docket |
| August 4, 2025 | Motions *in Limine* | Filed on the Docket |
| August 4, 2025 | Statement of Claims | Filed on the Docket |
| August 18, 2025 | Proposed Voir Dire Questions | Email Chambers |
| August 18, 2025 | Proposed Jury Instructions | Email Chambers |
| August 18, 2025 | Objections to Deposition Testimony Lists | Filed on the Docket |
| August 18, 2025 | Responses to Motions *in Limine* | Filed on the Docket |
| August 18, 2025 | Statement of Damages | Filed on the Docket |
| August 26, 2025 | Objections/Modifications to Proposed Jury Instructions | Email Chambers |
| Final PT Conf. | Exhibit Books | Present at Conference |
| Final PT Conf. | Stipulations | Present at Conference |
| Prior to Trial | Exhibits Tagged and Marked | At Trial |

III. **JURY SELECTION**

The parties should be familiar with Fed. R. Civ. P. 48, L. R. Civ. P. 47, and 28 U.S.C. § 1870. Typically, a jury of eight persons will be selected. The Court will use the "struck jury system" as described in L. R. Civ. P. 47(e). The Court will allow peremptory challenges as provided in 28 U.S.C. § 1870 and L. R. Civ. P. 47.

Under the struck jury system, the clerk will select a panel that equals the total of the number of jurors, plus the combined number of peremptory challenges allowed

9

to the parties.

*Voir dire* will be conducted of the panel. Jurors on the panel excused for cause will be replaced by new prospective jurors.

Once the Court has determined that none of the panel should be dismissed for cause, the parties may exercise their peremptory challenges. Defendants will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that will be provided. The strike sheet will then go to the Plaintiff who will make his own strike by writing the name and number of a juror. The strike sheet will come to the Court who will announce the excused jurors. This process will continue until the parties have either exhausted or waived the allotted number of peremptory challenges. Plaintiff, who has the burden of proof at trial, will get the last strike.

If a party does not exercise a challenge during a particular round, the party loses only that peremptory challenge and may make other peremptory challenges in later rounds against anyone on the panel.

The first twelve panel members remaining will constitute the jury.

## IV.  TRIAL PROCEDURE

**At least the evening before each day's session**, the parties will advise the Court of the witnesses expected to be called the following day. The parties are responsible for having witnesses available as needed.

The parties are expected to cooperate in scheduling witnesses. The Court will consider requests to take witnesses out-of-turn to accommodate experts and other non-party witnesses.

The parties should make every effort to bring up any problems, concerns, or questions with the Court ahead of time so that we can move ahead as efficiently as possible during scheduled trial hours.

The Court may set time limits for opening statements and closing arguments. Each party is responsible for maintaining custody of that party's original exhibits and having them available in court for use during trial.

### Summary of Trial Deadlines

| Deadline | Submission Type | Form of Submission |
| --- | --- | --- |
| At Least Two Business Days Before Presenting the Evidence at Trial | Demonstratives and Physical Evidence | Present to Opposing Parties for Examination |
| At Least the Evening Before Each Day's Session | List of Witnesses to be Called the Following Day | In Court or Email Chambers |

SO ORDERED.

Dated:   March 19, 2025
Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge