UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MYLES CARTER,**

Plaintiff,

-against-

**THE CITY OF BUFFALO, BUFFALO POLICE OFFICER CHARLAND D. MITCHELL, BUFFALO POLICE OFFICERS JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5 and JOHN DOE #6, NY STATE POLICE SERGEANT JOSEPH H. KRYWALSKI, NY STATE POLICE TROOPER MICHAEL D. O'BRYAN, NY STATE POLICE TROOPER DANIEL A. BURGESS, NY STATE POLICE LIEUTENANT DANIEL J. HOLLANDS, BUFFALO POLICE LIEUTENANT NICOLE SANTIAGO, N.Y. STATE TROOPER ADAM HYDE, and N.Y. STATE TROOPER RICHARD ARCANGEL,**

Defendants.

**STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**

Case Nos.: 1:21-cv-00954, 1:21-cv-00647

---

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff Myles Carter ("Plaintiff"), and Defendants NY State Police Sergeant Joseph H. Krywalski, NY State Police Trooper Michael D. O'Bryan, NY State Police Trooper Daniel A. Burgess, NY State Police Lieutenant Daniel J. Hollands, NY State Trooper Adam Hyde, and NY State Trooper Richard Arcangel ("Defendants"), and together with Plaintiff, "the Parties"), as of February 12 , 2026:

WHEREAS, Plaintiff, commenced the above-captioned action against Defendants NY State Police Sergeant Joseph H. Krywalski, NY State Police Trooper Michael D. O'Bryan, NY State Police Trooper Daniel A. Burgess, NY State Police Lieutenant Daniel J. Hollands by filing

33099656.2

a Complaint on or about August 23, 2021 (ECF No. 1) captioned Carter v. The City of Buffalo, et al., *1:21-cv-00954* (USDC) (WDNY); and

WHEREAS, Plaintiff commenced an action against NY State Trooper Adam Hyde and NY State Trooper Richard Arcangel by filing a Complaint on or about May 26, 2023 (ECF No. 1) captioned Carter v. Santiago, et al, *1:21-cv-00647* (USDC) (WDNY); and

WHEREAS, the Court consolidated both actions through a Joint Stipulation to Consolidate Related cases dated September 15, 2023 (ECF No. 49), which required all papers in both actions to be filed under Case No. *1:21-cv-000954* (both actions referred to collectively as "the Action"); and

WHEREAS, the claims and allegations asserted in the above-captioned action against Defendants, together with all related filings and proceedings, constitute "the Action;" and

WHEREAS, Defendants, whether in their individual or official capacity, expressly deny any liability, or violation of any federal, state, or local statute, ordinance, or law in the Action; and

WHEREAS, the Parties wish to fully resolve the claims alleged in the Action as against Defendants, and any and all other disputes between the Parties related to or arising from the events giving rise to the Action, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Stipulation has an interest in the subject matter of this action'; and

2

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of the Action;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, the Parties hereby stipulate and agree as follows:

### 1.    Dismissal of the Action With Prejudice

All claims asserted in this Action against Defendants are hereby dismissed, with prejudice, pursuant to FRCP Rule 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 of this Settlement Stipulation below.

### 2.    Payment to Plaintiff

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice as against Defendants, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of Defendants, shall pay the gross amount of One Hundred Fifty Thousand Dollars ($150,000.00), in compensatory damages, in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, the State of New York, the New York State Police, or any of their predecessors, or any of their current or former employees, subdivisions, units or related entities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for

3

any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action, as follows:

      **a.**    The State of New York, on behalf of Defendants, shall pay to Plaintiff the sum of One Hundred Fifty Thousand Dollars ($150,000.00), in full satisfaction and complete satisfaction of: (1) any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim in the Action against Defendants, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action against Defendants; and (2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action against Defendants, or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action against Defendants.

      **b.**    The foregoing payment shall be made payable to Sivin, Miller & Roche LLP as Attorneys for Myles Carter, and mailed to 20 Vesey Street, Suite 1400, New York, NY 10007. Plaintiff represents he has not retained or authorized any attorney other than Sivin, Miller & Roche LLP to act on his behalf in connection with this Action.

      **3.**    **State Approval of Payment**

Payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation is subject to the approval of all appropriate state officials in accordance with NY Public Officers Law

4

§17. Plaintiff and his counsel agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

### 4.    Accrual of Interest

In the event that payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation has not been made by the one hundred twentieth (120th) day after receipt by the Defendants of a "So Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amount, as specified in paragraph 2 of this Settlement Stipulation, not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 USC § 1961, commencing on the one hundred twenty-first (121st) day, unless the provisions of Executive Law Section 632-a apply to the Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

### 5.    Responsibility of Plaintiff for Taxes

It is understood and agreed that any taxes, if applicable, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendants, the State of New York, or the New York State Police, and any of their current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or

5

33099656.2

official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes. Nothing in this Settlement Stipulation shall constitute a determination of whether or not any or all of the settlement amount is taxable.

### 6.    Responsibility of Plaintiff for Liens

Plaintiff agrees that Defendants, the State of New York, New York State Police (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees or agents, whether in their individual or official capacities, shall not be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) that may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff shall have no claim, right, or cause of action against Defendants, the State of New York, the New York State Police (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agrees that he will defend, indemnify, and hold harmless Defendants, the State of New York, the New York State Police (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7.    Medicare Certification

Plaintiff and Plaintiff's attorney acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 USC § 1395y(b), mandates that the State of New York report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agree to deliver an

6

33099656.2

executed and notarized Affirmation of Medicare Status, in the form annexed hereto as Exhibit A ("Medicare Affirmation"), to counsel for the Defendants, Michael J. Murphy. Plaintiff and Plaintiff's attorney acknowledge and understand that the submission of this Medicare Affirmation, and any and all requested supporting documentation, to counsel to the Defendants is a prerequisite to payment of the settlement amount specified in Paragraph 2 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 3 and 4 of this Settlement Stipulation.

**8.    Responsibility for Medicare Payments or Medicare Liens**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New York, the New York State Police (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their current or former officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or the New York State Police reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 2 of this Settlement Stipulation. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amount specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

**9.    General Release**

For and in consideration of the payment of One Hundred Fifty Thousand Dollars ($150,000.00), Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), releases and forever discharges Defendants, the State of

7

33099656.2

New York, the New York State Police together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action and all related filings and proceedings in Carter v. The City of Buffalo, et al., *1:21-CV-000954* (USDC) (WDNY), and Carter v. Santiago, et al., *1:23-cv-00467* (USDC) (WDNY). Plaintiff does not waive or release any nonwaivable statutory protections. Plaintiff does not waive or release claims that may arise after Plaintiff executes the Settlement Stipulation. Additionally, this Settlement Stipulation does not constitute a waiver of Plaintiff's rights against Buffalo Police Lieutenant Nicole Santiago or Buffalo Police Officer Charland D. Mitchel, or against anyone other than the Released Parties. Additionally, nothing in the release prohibits Plaintiff from speaking with law enforcement, the United States Equal Employment Opportunity Commission, the New York State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

### 10.    No Other Action or Proceeding

Other than the Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending

8

33099656.2

against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

### 11.    No Other Attorneys and Waiver of Attorneys' Liens

Plaintiff represents and warrants that, besides the undersigned attorneys for the Plaintiff, there are no other attorneys having a lien on the settlement proceeds in this Action pursuant to the provisions of NY Judiciary Law §§ 475 and 475-a, or any other state or federal law, statute, contract, or otherwise.

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to NY Judiciary Law §§ 475 and 475-a, or any other state or federal law, statute, contract, or otherwise.

### 12.    No Prevailing Party

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 13.    Successors, and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14.    Authority

9

33099656.2

Each signatory to this Settlement Stipulation hereby represents and warrants that they have the requisite authority to enter into this Settlement Stipulation and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 15. Voluntary Agreement

The Parties represent that they have executed and delivered this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents and effect. The Parties acknowledge that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of such party.

### 16. No Admission of Liability

It is understood and agreed that any actions taken or payment made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action, or as constituting any admission of wrongdoing or liability on the part of Defendants, New York State Police, or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of Defendants, New York State Police, or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

10

33099656.2

### 17.    No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims raised in the Action, or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, the New York State Police, the State of New York (including, but not limited to, any and all present or former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

### 18.    Entire Agreement

This Settlement Stipulation constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties hereto or an authorized representative of the Parties hereto.

### 19.    Governing Law

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

### 20.    Severability

11

With the exception of Paragraphs 1, 2, 3, 4, 9 and 11 of this Settlement Stipulation, if any other provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

## 21.  Headings

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

## 22.  Counterparts

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall be deemed to constitute an original Settlement Stipulation, and may be executed by facsimile or electronic signature and facsimile or electronic notary seal.

## 23.  Negotiated Agreement

The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Stipulation. The language in all parts of this Settlement Stipulation shall be in all cases construed according to its fair meaning and not strictly for or against any party.

## 24.  Submission to the Court

This Settlement Stipulation shall be submitted without further notice to the Court to be "So Ordered."

33099656.2

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

13

33099656.2

DATED: January 26, 2026

Plaintiff
_____
Myles Carter

**ACKNOWLEDGMENT**

David T Roche
Notary Public, State of New York
Registration No. 02RO6384763
Qualified in Kings County
My Commission Expires ~~December 17, 2022~~
January 31, 2027

STATE OF NEW YORK )
COUNTY OF ALBANY   ) SS.:

On the 26th day of January, 2026, before me came, Plaintiff, Myles Carter, known to me or proved to me on the basis of satisfactory evidence to be the person whose name appears below and acknowledged to me that he executed the same individually, on his own behalf.

_____
Notary Public

DATED: ~~January~~ February 11, 2026

SIVIN, MILLER & ROCHE LLP
*Attorneys for Plaintiff*

_____
David Roche, Esq.
20 Vesey St., Suite 1400
New York, NY 10007
(212) 349-0300
droche@siviandmiller.com

DATED: ~~January~~ February 12, 2026

**BARCLAY DAMON LLP**

By: _____
Michael J. Murphy
*Attorney for Defendants NY State
Police Sergeant Joseph H. Krywalski,
NY State Police Trooper Michael D.
O'Bryan, NY State Police Trooper
Daniel A. Burgess, NY State Police
Lieutenant Daniel J. Hollands, NY State
Trooper Adam Hyde, and NY State
Trooper Richard Arcangel*

80 State Street
Albany, New York 12207

14

33099656.2

**SO ORDERED:**

Dated:

_____

Hon. Meredith A. Vacca

15

33099656.2